PEARSON, Judge.
The plaintiffs appeal a summary final judgment for defendant entered in an action for recovery of hospital benefits claimed to be due them under defendant clinic’s Certificate of Inpatient Care to Subscriber. The defendant is a health maintenance organization licensed by the State of Florida under Part II of Chapter 641, Florida Statutes (1973).
The summary judgment was predicated upon the trial court’s determination that any recovery was barred by plaintiffs’ failure to comply with a condition precedent for recovery. The certificate provided as follows:
“The Association will assume and pay the hospital of the Association 100% of all charges incurred by the Subscriber while confined in said hospital. The Association will pay all expenses incurred by the Subscriber for surgical and doctors expenses, only as long as the Subscriber uses the services of the doctors and surgeons in the staff of the Association. If a doctor is brought in by the Subscriber that is not an approved doctor of the staff of the Association, the Association will not have any liability for that particular claim.”
There is no issue as to the fact that on September 5, 1974, Carlos Amago presented his sick wife at 10:00 p.m. in the evening at the clinic where she was diagnosed as being dangerously ill of a communicable disease. He was requested to return the next morning for a letter of admission from appellee to an approved hospital. Further, it appears without controversy that at approximately 2:00 a.m. the same night the wife was so seriously ill that the husband called an ambulance and was advised by ambulance attendants that unless the wife was immediately hospitalized she would die. The wife was taken to a non-participating hospital. The evidence viewed in the light most favorable to the party moved against, that is, the plaintiff, is that the husband returned at 9:00 a.m. the next morning and was still unable to get a certificate.
Under these conditions and applying the rule that the burden of proving the absence of a genuine issue of material fact is upon the moving party, we hold that there is a genuine issue of material fact as to whether the defendant is liable for all or some part of plaintiffs’ medical expenses incurred as a result of defendant’s admitted failure to provide a letter of admission to a participating hospital. Accordingly, the summary judgment for the defendant is reversed and the cause is remanded for further proceedings in accordance with this opinion.
Reversed and remanded.